ROBINSON (METCALF v.). See Case No. 9,497.

---

## Case No. 11,960.

ROBINSON et ux. v. MOORE et al.

[4 McLean, 279.] [1]

Circuit Court, D. Ohio.  July Term, 1847.

SURVEY—MARKED LINES—SURPLUS—ESTABLISHED BOUNDARIES.

1. Marked lines and corners control courses and distances.

2. Within the Virginia military tract, surveys were run early, and at the hazard of the lives of those making them. The Indians were numerous and hostile, and under such circumstances great accuracy could not be expected.

3. Surplus lands do not vitiate a survey, nor does a deficiency of acres called for in the survey, operate against it.

4. Wherever the boundaries can be established, they must prevail. In the present case several of the courses were established, and parts of lines; and they conduce to show the claims of the respective parties.

[This was an action by the lessee of Robinson and wife against B. Moore and others for the recovery of certain lands.]

Taylor, Stanbery & Bond, for plaintiffs.
Tracy, Wright & Peck, for defendants.

BY THE COURT (charging jury). This is an action of ejectment, in which the plaintiff claims a thousand acres of land in the Virginia military district, of one hundred and eighty acres of which, the defendants are alleged to have possession. The decision of the controversy depends upon the establishment of the lines and corners of his survey as claimed by plaintiff. In that event the defendants will be found in possession of one hundred and eighty acres as above stated. The jury were sworn, and a survey by the county surveyor, who was also sworn as a witness, and other witnesses on both sides were examined. The court observed to the jury, that the courses and distances called for in the patent, would be controlled by marked lines and corners. But where no marks can be found or established by the evidence, the courses and distances must govern. On the plat laid down, the beginning is admitted by

all parties to be on the Ohio river, at the letter A. At that place a beech tree twenty-six inches in diameter, bears the ancient marks of a corner. From thence, on a westerly course, the surveyor run two hundred and seventy-eight poles to a stake, and a pile of stones, and a white oak is found bearing the ancient marks of a corner, supposed to be the back corner of the plaintiff's survey. At that place, or near it, no other corner is found or known to exist. From thence, the surveyor run a southerly course, four hundred and twenty-seven poles to a stake, near a black walnut, now lying down, (the bark off, and a block formerly taken out) shown, by persons present, as an original corner tree, no other trees marked corresponding with the patent calls found, a black oak with marks and ash trees, without marks, standing near. From this point he run the distance called for in the patent, and searched for a corner, but found none. From the above supposed corner marked, the surveyor run an easterly course three hundred and four poles, passing the corner of survey 1625, two beeches and a sugar tree, now down, and partially destroyed; at 140 poles, passed a beech bearing ancient marks, took a block therefrom, and found the date of the marks to correspond with the date of the survey, to a large beech at D, bearing ancient marks, thence up the river, with the meanders thereof to the beginning. From this survey it will be observed by the jury, that starting from the admitted corner at A, the line was run to the second corner at B, where a white oak tree was found marked as a corner. At this place, the patent calls for a black oak as a corner. The plaintiff claims to run beyond this corner to M, but no corner trees are marked at that place, nor were any line trees found leading to it. From the second corner we pass to the third. At this point the patent calls for a walnut, ash and white oak, as corner trees. A walnut and a black oak are found regularly marked as a corner. The surveyor run further in the same direction to the letter N, as claimed by the plaintiff, and the distance called for in the patent. But he found no marked trees on the line, or at the place claimed as a corner. Returning to the third corner, he run to the corner D, on the Ohio river. The patent calls for three beeches marked as corner trees; only one beech is found so marked. On this last line there were ancient marks made, apparently with a tomahawk.

If the points above described are to constitute the corners of the plaintiff's survey, then the defendants are not guilty of the trespass complained of. You will observe, gentlemen, that this survey was made in 1787. This was at a very early period of our history in the West. In making surveys, those concerned were in imminent danger from the savages, who, at that time, possessed the country, and were masters of it, with the exception of a small settlement at Marietta, at

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Columbia. and at Vincennes. At that time, it is known by all.,who are familiar with surveys in this district, that lines were often run without marking, as a measure of safety to the surveyors. The Indians not unfrequently would follow the newly marked lines, and attack those engaged in running them. From the lapse of time, it being more than half a century, it is not astonishing that the corner trees are not all found. On the contrary, under all the circumstances, including the improvements in the country, it is rather singular that so many marked trees should be found as the surveyor has described. If these corners should establish the boundary of the plaintiff's land, he will own considerably less land than his survey calls for. Should the lines be extended beyond these corners, as he claims, he would still have a less quantity than his patent calls for—in one case by ten acres, and in the other by twenty-five acres. But this is a consequence of the inaccuracy of early surveys. Had the survey contained several hundred acres more than the patent calls for, the plaintiff would have held the surplus, on the establishment of his lines and corners, including it. It seems, however, that no corner tree has been found marked at the places where the distances, called for in the patent, terminate. And as before remarked, distance can not govern, if marked corners can be found, called for in the patent.

The jury found the defendants not guilty.